PER CURIAM.
Relator was arrested for aggravated rape in 1989 and filed a motion for a preliminary examination. On the day set for the hearing the prosecutor announced in open court that he was refusing the charges.
Relator then filed a motion for expungement of the arrest records under La.Rev. Stat. 44:9. The prosecutor opposed the motion on the basis that there is no prescriptive period for this offense and that the “case could be reopened if further evidence arises”.
La.Rev.Stat. 44:9 B and C, as amended in 1985 and 1989, provide:
B. Any criminal court of record in which there was a nolle prosequi, an acquittal, or dismissal of any offense, whether misdemeanor or felony, shall at the time of discharge of a person from its control, enter an order annulling, can-celling, or rescinding the record of arrest, and disposition, and further ordering the destruction of the arrest record and order of disposition. Upon the entry of such an order the person against whom the arrest has been entered shall be restored to all civil rights lost or suspended by virtue of the arrest, unless otherwise provided in this Section, and shall be treated in all respects as not having been arrested.
C. (1) Any person who has been arrested for the violation of a state statute which is classified as a felony may make a written motion to the district court for the parish in which he was arrested for expungement of the arrest record if the time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted.
(2) If, after a contradictory hearing with the arresting agency, the court *194 finds that the mover is entitled to the relief sought for any of the above reasons, it shall order all law enforcement agencies to expunge same in accordance herewith. However, the arresting agency may preserve the name and address of the person arrested and the facts of the case for investigative purposes only.
As a result of the 1985 and 1989 amendment, it is no longer necessary to join the district attorney in a motion for expungement of a felony arrest, and the court is required to grant relief if there has been a nolle prosequi, an acquittal, or a dismissal. The key issue is whether there has been a “dismissal of an offense”.
Under La.Code Crim.Proc. art. 691 the district attorney has the discretionary power to dismiss prosecutions on his own motion, without obtaining the consent of the court, at any time before the jury is impaneled. See Official Revision Comment (a). While Article 691 expressly refers to dismissal of an indictment, it is illogical to believe that the Legislature, in using the term “dismissal of an offense” in La.Rev. Stat. 44:9B, intended that the statute would apply only when the district attorney initially believed the evidence was strong enough to institute prosecution and that an accused would not be entitled to expungement (until the running of the prescriptive period) when the district attorney never had enough evidence even to institute prosecution. In either case expungement does not prevent the district attorney from reinstituting prosecution at any time within the prescriptive period. We therefore conclude that the term “dismissal of an offense” in La.Rev.Stat. 44:9B includes dismissal when the district attorney declines to prosecute, either by written statement of dismissal or by oral dismissal in open court.
Moreover, the reasons given by the district attorney in this case are not valid. If further evidence of relator’s guilt is discovered, the expungement of relator’s arrest record will not have any effect on the district attorney’s right to prosecute relator for this crime. On the other hand, if relator is not guilty of this crime (and the district attorney apparently lacks sufficient evidence at this time to prove that he is), relator will never be entitled to expungement based on expiration of the time limitation for prosecution. See La.Code Crim. Proc. art. 571. Relator’s presumption of innocence under La. Const, art. I, § 16, as well as fundamental fairness, dictate that relator is entitled to expungement of the arrest records, especially since the fact of the arrest will not be admissible evidence in any future trial for this offense and since the expungement will not cause any detriment or prejudice to the prosecutor.
Accordingly, the application is granted, and the district court is ordered to grant relator’s motion for expungement of the arrest records.
MARCUS, J., dissents and assigns reasons.
COLE and HALL, JJ., dissent for the reasons assigned by MARCUS, J.