KLIEBERT, Chief Judge.
Defendant, Keith D. Elliott, seeks review of the trial court’s denial of his motion to expunge various felony and misdemeanor arrests and criminal charges against him in Jefferson Parish which were either dismissed or not prosecuted. Without regard to whether the proper procedural vehicle for review of the trial court’s dismissal of the motion is by application for supervisory writs or by appeal, in the interest of judicial economy and expediency, we have reviewed the trial court’s ruling and for the reasons hereinafter stated vacate same and remand the case for further proceedings.
Keith Elliott was convicted of armed robbery in criminal proceedings before the 19th Judicial District Court. On November 16, 1981 he was adjudged a multiple felony offender and sentenced to a 35-year prison term. In February of 1991, Elliott filed in the 24th Judicial District Court a motion to expunge criminal records under LSA-R.S. 44:9.[1] That motion sought expungement of defendant’s arrests in Jefferson Parish for various felonies and misdemeanors for which the charges were either refused without institution of prosecution or dismissed without the filing of charges, and *100 for which the time limits for institution of prosecution had expired. Without a hearing, the trial court issued an order on April 25, 1991 denying defendant’s motion to expunge based on the court’s previous denial of a similar expungement motion filed by defendant in 1988.
In denying defendant’s most recent motion to expunge, the trial court failed to conduct “a contradictory hearing with the arresting agency,” as required by LSA-R.S. 44:9C(2). Moreover, the trial court apparently interpreted LSA-R.S. 44:9E as barring expungement of any arrest, whether for misdemeanor or felony, when the movant is a convicted felon, as is the case here.
LSA-R.S. 44:9E prohibits expungement of a convicted felon’s arrests for felonies which do not result in a conviction. State v. Nettles, 375 So.2d 1339 (La.1979). No such prohibition against expungement exists, however, with respect to a convicted felon’s misdemeanor arrests which do not end in conviction.
Therefore, the April 25, 1991 order of the trial court denying defendant’s motion to expunge criminal records is vacated and set aside. Further, the matter is remanded to the trial court with instructions to conduct a contradictory hearing as required by LAS-R.S. 44:9C(2) and then decide whether the particular charges are felonies which cannot expunged or misdemeanors which can be expunged.
MOTION TO EXPUNGE VACATED AND SET ASIDE; MATTER REMANDED WITH INSTRUCTIONS.

. LSA-R.S. 44:9 provides:
A. Any person who has been arrested for the violation of a municipal or parish ordinance or for violation of a state statute which is classified as a misdemeanor may make a written motion to the district, parish or city court in which the violation was prosecuted or to the district court located in the parish in which he was arrested, for expungement of the arrest record, if:
(1) The time limitation for the institution of prosecution of the offense has expired, and no prosecution has been instituted; or
(2) If prosecution has been instituted, and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal. If the court finds that the mover is entitled to the relief sought, for either of the above reasons, it shall order all agencies and law enforcement offices having any record of the arrest, whether on microfilm, computer card or tape, or on any other photographic, electronic or mechanical method of storing data, to destroy any record of arrest, photograph, fingerprint or any other information of *100 any and all kinds or descriptions. The court shall order such custodians of records to file a sworn affidavit to the effect that the records have been destroyed and that no notations or references have been retained in the agency's central repository which will or might lead to the inference that any record ever was on file with any agency or law enforcement office. The original of this affidavit shall be kept by the court so ordering same and a copy shall be retained by the affiant agency which said copy shall not be a public record and shall not be open for public inspection but rather shall be kept under lock and key and maintained only for internal record keeping purposes to preserve the integrity of said agency’s files and shall not be used for any investigative purpose. This Subsection does not apply to arrests for a first or second violation of any ordinance or statute making criminal the driving of a motor vehicle while under the influence of alcoholic beverages or narcotic drugs, as denounced by R.S. 14:98.
B. Any criminal court of record in which there was a nolle prosequi, an acquittal, or dismissal of any offense, whether misdemeanor or felony, shall at the time of discharge or a person from its control, enter an order annulling, cancelling, or rescinding the record of arrest, and disposition, and further ordering the destruction of the arrest record and order of disposition. Upon the entry of such an order the person against whom the arrest has been entered shall be restored to all civil rights lost or suspended by virtue of the arrest, unless otherwise provided in this Section, and shall be treated in all respects as not having been arrested.
C. (1) Any person who has been arrested for the violation of a state statute which is classified as a felony may make a written motion to the district court for the parish in which he was arrested for expungement of the arrest record if the time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted.
(2) If, after a contradictory hearing with the arresting agency, the court finds that the mover is entitled to the relief sought for any of the above reasons, it shall order all law enforcement agencies to expunge same in accordance herewith. However, the arresting agency may preserve the name and address of the person arrested and the facts of the case for investigative purposes only.
D. Whoever violates any provisions of this section shall be punished by a fine of no more than two hundred fifty dollars or by imprisonment of not more than ninety days, or both, if the conviction is for a first violation; second and subsequent violations shall be punished by a fine of not more than five hundred dollars or imprisonment of six months, or both.
E. No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction dismissed pursuant to Article 893 of the Code of Criminal Procedure.
F. For investigative purposes only, the Department of Public Safety may maintain a confidential, nonpublic record of the arrest and disposition. The information contained in this record may be released, upon specific request therefor and on a confidential basis, to any law enforcement agency. The receiving law enforcement agency shall maintain the confidentiality of such record.