637 So.2d 408 (1994)
STATE of Louisiana
v.
William F. SAVOIE and Bryan K. Adams.
STATE of Louisiana
v.
Keith D. ELLIOTT.
Nos. 92-KH-1586, 93-K-1955.
Supreme Court of Louisiana.
May 23, 1994.
*409 M. Joy Clemons, Baton Rouge, for applicants.
William Savoie, pro se.
Richard P. Ieyoub, Atty. Gen., New Orleans, Stephen M. Henry, Dist. Atty., Van H. Kyzar, Natchitoches, for respondent.
MARVIN, Justice Ad Hoc.[1]
To determine who may obtain the expungement or destruction of what arrest records, when, and under what circumstances under the Public Records Law, LSA-R.S. 44:9, we have consolidated the writ applications in the above captioned cases.
This statute, originally derived from 1970 legislation and thereafter amended from time to time, must be interpreted in the light of the later amendments and statutes on the same subject matter, particularly C.Cr.P. Art. 893 F. See LSA-R.S. 1:1-16. Our observation that the clarity of these laws, as amended, leaves much to be desired is an understatement.
We shall quote and emphasize the words and phrases in each statute which have posed problems to all courts and those agencies in custody of criminal records that are charged with interpreting and applying the statutory provisions. Compare State v. Diaz, 582 So.2d 193 (La.1991); State v. Nettles, 375 So.2d 1339 (La.1979); State v. Boniface, 369 So.2d 115 (La.1979).
We emphasize that subsections B and C of LSA-R.S. 44:9 which were added to the statute in 1981 and amended in 1985 and 1989, seem clear in stating:
B. Any criminal court of record in which there was a nolle prosequi, an acquittal, or dismissal of any offense, whether misdemeanor or felony, shall at the time of discharge of a person from its control, enter an order annulling, cancelling, or rescinding the record of arrest, and disposition, and further ordering the destruction of the arrest record and order of disposition. Upon the entry of such an order the person against whom the arrest has been entered shall be restored to all civil rights lost or suspended by virtue of the arrest, unless otherwise provided in this Section, and shall be treated in all respects as not having been arrested.
C. (1) Any person who has been arrested for the violation of a state statute which is classified as a felony may make a written motion to the district court for the parish in which he was arrested for expungement of the arrest record if the time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted.
(2) If, after a contradictory hearing with the arresting agency, the court finds that the mover is entitled to the relief sought for any of the above reasons, it shall order all law enforcement agencies to expunge same in accordance herewith. However, the arresting agency may preserve the name and address of the person arrested and the facts of the case for investigative purposes only.
Subsection F, which was also added to the statute in 1981, contemplates that the Department of Public Safety may "maintain a confidential, non-public record of the arrest and disposition" that is "expunged" as a public record.
Subsection E, which was added to the statute in 1978, saying:
E. No court shall order the destruction of any record of the arrest and prosecution of any person convicted of a felony, including a conviction pursuant to Article 893 of the Code of Criminal Procedure *410 however, has not been specifically repealed by the later legislation.
C.Cr.P. Art. 893 F, like § 9 C of the statute, states: "Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony." This paragraph F of Art. 893 was adopted in 1978.
Without belaboring the analysis, we conclude that the word "expungement" is distinct from the word "destruction" and that the two words cannot be used interchangeably or to mean the same thing. Public records which may be "expunged" need not be "destroyed." LSA-R.S. 44:9 C(2), E; C.Cr.P. Art. 893 F.
We discerned, in State v. Sims, 357 So.2d 1095 (La.1978), that the principal purpose for the expungement provisions in the public records law was to allow citizens to avoid embarrassment and harassment generated by a public criminal record of an arrest that had not been timely prosecuted or that had been dismissed. Sims, supra at 1098. The statutes in question should not be construed to read that a citizen's status as a convicted felon deprives him or her of the expungement benefit of the statute if that citizen satisfies the other statutory requirements for expungement. Compare Diaz, supra. If the legislature desires such a result based on status as a convicted felon in future cases, the legislature will have to amend and rewrite LSA-R.S. 44:9.

CONCLUSION
Elliott, respondent in the State's application, had been convicted of being an habitual felony offender in 1981 and was sentenced to 35 years at hard labor. He sought to expunge the records of other felony and misdemeanor arrests and charges, the prosecution of which had been either refused without institution of prosecution or dismissed without the filing of charges, and for which the time limitations for institution of prosecution had expired. The custodian of the records, the Jefferson Parish Sheriff's Department, stated it had no objection to the expungement. The district court denied Elliott's request. The appellate court vacated and set aside the district court's ruling as to misdemeanor arrests only, and remanded to the trial court for a contradictory hearing. State v. Elliott, 619 So.2d 99 (La.App. 5th Cir. 1993).
Applicants Adams and Savoie were arrested in 1987 in Natchitoches Parish and booked with aggravated burglary and aggravated rape. After grand jury indictments, they bargained to plead guilty to aggravated burglary and received hard labor sentences in exchange for the aggravated rape charges being dismissed. The trial court denied expungement of the aggravated rape charges. The Third Circuit Court of Appeal denied them supervisory review.

DECREE
Accordingly, we vacate the judgments below as to Adams and Savoie, as well as the judgments denying the felony expungement to Elliott. We affirm the Fifth Circuit's ruling vacating and setting aside the trial court's denial of expungement of Elliott's misdemeanor arrests. We remand each case to the respective trial court for further proceedings consistent with this opinion.
LEMMON, J. and ORTIQUE, JJ., concur and assign reasons.
KIMBALL, J., additionally concurs and assigns reasons.
LEMMON, Justice, concurring.
I interpret La.Rev.Stat. 44:9 to mean that when a person has been arrested, whether for a felony or a misdemeanor:
(1) if the time limitation has expired without institution of prosecution, the record pertaining to the arrest shall be expunged; but
(2) if the prosecution was instituted and has been disposed of by dismissal, nolle prosequi, or acquittal, the records pertaining to the arrest shall be expunged and destroyed;
except that, in any event,
(a) the arresting agency upon expungement may preserve, for investigative purposes only, the name and address of *411 the person arrested for violation of a felony statute, and
(b) the Department of Public Safety may maintain a confidential, nonpublic record of any arrest and disposition, and
(c) when a person has been convicted of a felony, the record of the arrest and prosecution of that felony, even when the conviction is under La. Code Crim. Proc. art. 893, may not be destroyed.
KIMBALL, Justice (concurring).
I concur in the majority's conclusion that public records which may be "expunged" need not be "destroyed," and I believe the majority achieves the correct result in this case.
I write separately, however, in order to emphasize that expungement of criminal records under La.R.S. 44:9(C), as opposed to destruction of such records under La.R.S. 44:9(B) and (E), removes such records only from public records. In my view, expungement does not affect the collection and processing of criminal history record information by the Louisiana Department of Public Safety or the Louisiana Bureau of Criminal Identification and Information, see La.R.S. 15:575-597, nor does it affect the non-public dissemination of criminal history record information to any court, criminal justice agency, or law enforcement agency involved in the detection, investigation, apprehension, prosecution, sentencing, confinement, release, or rehabilitation of criminal offenders. This interpretation of La.R.S. 44:9 is supported by Subsection F of that statute, which provides:
F. For investigative purposes only, the Department of Public Safety may maintain a confidential, nonpublic record of the arrest and disposition. The information contained in this record may be released, upon specific request therefor and on a confidential basis, to any law enforcement agency. The receiving law enforcement agency shall maintain the confidentiality of such record.
In the present cases, each applicant has been convicted of at least one felony; therefore, pursuant to La.R.S. 44:9(E), no record of any arrest of these applicants or of the disposition of any charge against them may be destroyed pursuant to La.R.S. 44:9(B). On the other hand, applicants may be entitled to expungement of arrest records from the public record under La.R.S. 44:9(C) if the time limitation for the institution of prosecution on the offense has expired and no prosecution has been instituted. However, expungement shall not prevent the future use of applicants' criminal history record information by the criminal justice system.
ORTIQUE, Justice, concurring.
I respectfully concur. I am of the opinion that our Legislature intended that the removal of felony and misdemeanor arrests and charges must be both expunged and destroyed if the prosecution of which has been refused without intent of prosecution or dismissed without the filing of charges and for which the time limitation for institution of prosecution has expired. The meaning and intendment of Subpart B of LSA-R.S. 44:9 is clear and indisputable. For the state to retain any record whatsoever of the above arrests and/or charges is constitutionally impermissible, under both Louisiana and the United State's constitutions and under our appreciation of justice.
This court should not hesitate to declare that an arrested or charged individual is presumed innocent until proven guilty and that be it a misdemeanor or felony charge, which is never pursued or is abandoned, and such a charge is no longer viable under any circumstances or conditions, the record of the charges must be and is, as if it never existed. It should be both expunged and destroyed.
Subsection C (1) and (2) of LSA-R.S. 44:9 is designed, in my view, to permit the arresting agency to demonstrate at a contradictory hearing that there are compelling reasons why the record must be preserved.
If it were not so, both due process and equal protection are vitiated.
NOTES
[1] Watson, J., not on panel. Rule IV, Part 2, § 3. Chief Judge Charles A. Marvin of the Court of Appeal, Second Circuit, sitting for Dennis, J.