|,WILLIAMS, J.
The defendant, M.K.O., appeals a trial court judgment denying his request for expungement of his arrest record. For the following reasons, we reverse and remand.

FACTS

The defendant, M.K.O.,[1] was arrested on December 31, 1999 and charged with one count of felony simple criminal damage to property, a violation of LSA-R.S. 14:56. The charges arose from an incident in which M.K.O. damaged several cars in front of a local bar in Shreveport. The Caddo Parish District Attorney’s Office offered the defendant the opportunity to enter a pre-trial diversion program. As a condition of that program, the defendant paid restitution of approximately $5,000. On December 6, 2000, the State dismissed the case because the defendant had successfully completed the diversion program.
On February 12, 2001, M.K.O. filed a “Rule to Show Cause” requesting that his arrest record be expunged pursuant to LSA-R.S. 44:9(B). Following a hearing, the trial court denied the motion. The court concluded that the arrest record had substantial probative value as a prior act for subsequent prosecution. M.K.O. appeals.

DISCUSSION

During the expungement hearing, both the assistant district attorney, on behalf of the State, and the city attorney’s office, on behalf of the Shreveport Police Department, were present. The assistant district attorney informed the trial court that the state was not opposing the request for | ^expungement. The city attorney informed the trial court that the department, as the arresting agency, was not opposing the motion, but it was entering a general objection because “the chief has asked us to.” Thereafter, the trial judge made the following statement:
I know I’m — you drew the wrong judge for any expungment (sic), because I don’t generally like the idea of people hiding behind their bad acts under expungment (sic), and that’s what you’re asking me to do.
The trial judge then questioned the defendant as to whether he was married, employed or had any children. After a short exchange with the defendant concerning his ability to obtain employment with his present arrest record, the trial judge ordered briefs and took the matter under advisement. As stated above, the trial judge subsequently filed “Written Reasons for Judgment,” denying the defendant’s request to expunge his arrest record. The trial court found that the arrest record had substantial probative value as a prior act for subsequent prosecution.
*1267 LSA-R.S. 44:9(B)(1) governs the ex-pungement of felony arrest records and provides in pertinent part:
(1) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of R.S. 14:324.2, R.S. 14.34.3, or R.S. 14:37 may make a written motion to the district court for the parish in which he was arrested for the ex-pungement of the arrest record if:
(a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustain a motion to quash; and
(b) The record of arrest and prosecution for the offense is without substantial probative value as a 13prior act for any subsequent prosecution.
Louisiana courts rely on the defendant’s presumption of innocence under our Constitution and the principle of “fundamental fairness” to conclude that the defendant is entitled to expungement of an arrest record, and the court is required by law to grant relief, if there has been a dismissal of the offense. The statute requires a contradictory hearing with the arresting agency prior to a ruling on the motion by the trial court. State v. Diaz, 582 So.2d 193 (La.1991). See also, State ex rel Wright v. State, 600 So.2d 594 (La.1992).
In the instant case, M.K.O.’s request for expungement was unopposed by the arresting agency, and the district attorney concurred with M.K.O. in his request for expungement. There was no evidence presented, and none appears of record, to justify the trial court’s conclusion that M.K.O.’s arrest for criminal damage to property had substantial probative value as a prior act for a subsequent prosecution.[2]
The Louisiana Supreme Court, in its 1994 ruling in State v. Savoie, 92-1586 (La.5/24/94), 637 So.2d 408, distinguished expungement of the public’s access to an arrest record from destruction of that record. This view has now become embodied in the statute with legislative changes to Subsection B and the addition of Subsection G. Acts 1995, No. 1251 and Acts 1999, No. 1111. Subsection G provides:
“Expungement” means removal of a record from public access Lbut does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies, the Louisiana State Board of Medical Examiners, the Louisiana State Board of Nursing, the Louisiana State Board of Dentistry and the Louisiana State Board of Examiners of-Psychologists.
With this definition of expungement, it would appear difficult to show in the contradictory hearing under Subsection B that the proposed expungement of a record, which will remain accessible to all law enforcement agencies, must nevertheless be prevented. Clearly, there was no showing which would prevent expungement in this case. The trial court erred in refusing to grant the defendant’s request for ex-pungement.
Accordingly, the trial court’s judgment denying the motion for expungement is reversed. The matter is remanded to the trial court with instructions to grant defendant’s motion for expungement of his ar *1268 rest record for simple criminal damage to property.
REVERSED AND REMANDED.

. Because the defendant is seeking expungement, and a purpose of expungement is to preserve privacy, defendant’s request that we use his initials is granted.

. Because there is no evidence in the record to support the trial court's conclusion, we decline to address the issue presented in the parties’ appellate briefs as to which party bears the burden of proving that the record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.