DREW, J.
| Shamichael Tillman was indicted on two counts of first degree murder for his involvement in a Shreveport drive-by shooting. The indictment was later amended to two counts of second degree murder. A jury found Tillman not guilty on both counts.
Tillman filed a motion to expunge pursuant to La. R.S. 44:9(B), which provides:
B. (1) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of R.S. 14:34.2, R.S. 14:34.3, or R.S. 14:37 may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:
*825 (a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash; and
(b) The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.
(2) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge the record of the same in accordance herewith. However, nothing in this Paragraph shall limit or impede the authority under law to consider prior arrests or convictions in pursuing prosecution under multiple offender provisions or impede the investigation of any law enforcement official'seeking to ascertain or confirm the qualifications of any person for any privilege or license authorized by law.
There were three others involved in the drive-by shooting, all of whom were convicted in separate trials. The trial judge who presided over Tillman’s trial, as well as the trials of the others, denied the motion for expungement. In particular, the trial judge was concerned that a law enforcement officer having future contact with Tillman should be aware of the charges. Tillman appealed. We are constrained to reverse.
| .DISCUSSION
The trial judge was validly concerned that law enforcement officers dealing with Tillman in the future should know about his arrest on the murder charges. However, the Legislature has set up a mechanism for law enforcement officers to have access to this knowledge.
La. R.S. 44:9(G) defines expungement as the “removal of a record from public access but does not mean destruction of the record.” It further provides that although an expunged record is confidential, it remains available for use by:
[L]aw enforcement agencies, criminal justice agencies, the Louisiana State Board of Medical Examiners, the Louisiana State Board of Nursing, the Louisiana State Board of Dentistry, the Louisiana State Board of Examiners of Psychologists, the Emergency Medical Services Certification Commission, the Louisiana Attorney Disciplinary Board, Office of Disciplinary Counsel, or the Louisiana Supreme Court Committee on Bar Admissions.
The Department of Public Safety and Corrections is permitted to maintain, for investigative purposes only, a confidential, nonpublic record of an expunged arrest and disposition. La. R.S. 44:9(F). The information in that record “may be released, upon specific request therefor and on a confidential basis, to any law enforcement agency [or] criminal justice agency[,]” and the receiving law enforcement or criminal justice agency is charged with maintaining the confidentiality of such record. Id.
The Bureau of Criminal Identification and Information (“Bureau”) was created within the Department of Public Safety. La. R.S. 15:577. La. R.S. 15:578(A), which sets forth the functions of the Bureau, reads in part, with our emphasis added:
|„(1) To establish and maintain a central repository of criminal history record information and to adopt regulations and procedures to prescribe the terms and conditions under which the Department of Insurance, section on fraud, and the Department of Revenue, office of alcohol and tobacco control, shall have direct *826 access to this information and adopt regulations and procedures to prescribe the terms and conditions under which other eligible individuals or agencies may gain access to such information.
[[Image here]]
(4) To establish, maintain, and regulate a modern system of telecommunication and data processing for the efficient collection, storage, and rapid transmission of criminal history record information and relevant statistics maintained by the bureau. To serve qualified agencies concerned with the administration of criminal justice throughout the state.
In State v. M.K.O., 36,524 (La.App.2d Cir.12/18/02), 833 So.2d 1265, the State dismissed a charge of felony simple criminal damage to property against M.K.O. after he completed a diversion program. M.K.O.’s motion for expungement was not opposed by the State; the arresting agency did not oppose it either, but entered a general objection. The trial court denied the motion, finding that the arrest record had substantive probative value as a prior act for subsequent prosecution.
Reversing the trial court, this court noted in M.K.O. that Louisiana courts have relied on the presumption of innocence and the principle of fundamental fairness to conclude there is entitlement to expungement of an arrest record when there has been a dismissal of the offense. This court further noted that there was nothing in the record to support the trial court’s conclusion that M.K.O.’s arrest had substantive probative value as a prior act in a future prosecution. In the context of an ex-pungement under La. R.S. |444:9(B), we can find no reason why an acquittal should be treated any differently than a dismissal.
Subsection B of La. R.S. 44:9 was repealed in 1995, but a new subsection B, in its current form, was enacted in 1996. Three years later, Subsection G, which distinguishes between “expungement” and “destruction,” was added to La. R.S. 44:9.[1] This court recognized in State v. M.K.O., supra, that the definition of expungement in Subsection G would make it difficult to show under Subsection B that the proposed expungement must be prevented. We further observe that Subsection G essentially renders meaningless the barrier to expungement found in Subsection B(l)(b).[2] Because the expunged record of arrest is still maintained confidentially by the Department of Public Safety and remains available to law enforcement agencies, then it can still be presented as a prior act in a subsequent prosecution. The expungement merely means that the record of the arrest is hidden from the public eye.[3]
CONCLUSION
For the foregoing reasons, and with ap-pellee to bear the appeal costs of $169.50, we reverse the trial court and remand to the trial court for the entry of an order of expungement.
REVERSED and REMANDED.

. In 1994, the Louisiana Supreme Court noted the distinction between “destruction” and "expungement.” State v. Savoie, 92-1586 (La.5/23/94), 637 So.2d 408.

. An exception to expungement when the record of arrest and prosecution has "substantial probative value as a prior act for any subsequent prosecution.”

.Today’s technology severely diminishes the effectiveness of many expungements. For example, if an arrest has been reported in a newspaper, it would not be difficult to discover the arrest through an Internet search using a common search engine.