OCTOBER 26, 2010

No. 10A416.  BREWER, GOVERNOR OF ARIZONA, ET AL. v. LANDRIGAN.  D. C. Ariz.  Application to vacate the order by the District Court granting a temporary restraining order, presented to JUSTICE KENNEDY, and by him referred to the Court, granted.  There is no evidence in the record to suggest that the

drug obtained from a foreign source is unsafe. The District Court granted the restraining order because it was left to speculate as to the risk of harm. See Order Granting Motion for a Temporary Restraining Order in *Landrigan* v. *Brewer*, No. CV–10–02246–PHX–ROS (D Ariz., Oct. 25, 2010), Doc. 21, p. 15 ("[T]he Court is left to speculate . . . whether the non-[Food and Drug Administration] approved drug will cause pain and suffering"). But speculation cannot substitute for evidence that the use of the drug is "*'sure or very likely* to cause serious illness and needless suffering.'" *Baze* v. *Rees*, 553 U. S. 35, 50 (2008) (quoting *Helling* v. *McKinney*, 509 U. S. 25, 33 (1993)). There was no showing that the drug was unlawfully obtained, nor was there an offer of proof to that effect. The motion to file documents under seal is denied as moot. JUSTICE GINSBURG, JUSTICE BREYER, JUSTICE SOTO-MAYOR, and JUSTICE KAGAN would deny the application to vacate the order granting a temporary restraining order.