TALLMAN, Circuit Judge,
with whom
Chief Judge KOZINSKI, and Judges O’SCANNLAIN, CALLAHAN, BEA, and M. SMITH join, concurring in the denial of rehearing en banc:
Judge Reinhardt and those who join him fault this Court for failing to further delay the inevitable. They fault us for not giving Donald Beaty yet another opportunity to delay the just punishment he has been resisting for more than twenty-six years. Admittedly, we, like the district court, are *1074 “troubled by the timing of both the Department of Justice’s request that [the Arizona Department of Corrections’s (“ADC”) ] sodium thiopental not be used in Plaintiff’s execution and the ADC’s decision to substitute pentobarbital.” Nevertheless, we cannot say that Beaty has not been afforded all the process he is due. Apparently, the Supreme Court agrees. While we voted on whether to rehear this ease en banc, the Court denied Beaty’s petition for certiorari challenging the State’s decision to substitute the drugs. Beaty v. Brewer, — U.S.-, 131 S.Ct. 2929, 179 L.Ed.2d 1267, 2011 WL 2029883 (2011).
Judge Reinhardt argues that the “issue is not the substantive one of whether substituting drug A or drug B is ‘very likely’ to cause needless suffering.” Not so. Though “the right to procedural due process is ‘absolute,’ ” it is not unmeasured. Carey v. Piphus, 435 U.S. 247, 259, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). “[I]n deciding what process constitutionally is due in various contexts, the Court repeatedly has emphasized that ‘procedural due process rules are shaped by the risk of error inherent in the truth-finding process ....’” Id. at 259, 98 S.Ct. 1042 (quoting Mathews v. Eldridge, 424 U.S. 319, 344, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).
Had Beaty raised a claim of significant merit, the “risk of error” would have risen and so, too, would the degree of process necessary to satisfy any constitutional concern. However, Beaty did not raise such a claim. To the contrary, Beaty not only failed to provide any factual support for his claim, cf. Brewer v. Landrigan, 562 U.S.-, 131 S.Ct. 445, 178 L.Ed.2d 346 (2010) (“But speculation cannot substitute for evidence that the use of the drug is ‘sure or very likely to cause serious illness and needless suffering.’ ” (quoting Baze v. Rees, 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality opinion))), he failed to suggest any way in which the modified protocol is constitutionally objectionable — or objectionable at all.
Indeed, the Tenth Circuit approved a virtually identical procedure after allowing the inmate to pursue discovery, introduce an expert report, and hold an evidentiary hearing. See Pavatt v. Jones, 627 F.3d 1336, 1338-40 (10th Cir.2010). The Eleventh Circuit approved the substitution of pentobarbital for sodium thiopental just last week. See Powell v. Thomas, 641 F.3d 1255, 1256-58 (11th Cir.2011)(per curiam). Beaty has not suggested any way in which the Tenth or Eleventh Circuits’ analyses are deficient.
Furthermore, the factual underpinnings of this claim were reviewed by the Arizona Supreme Court, the Arizona District Court, and the Ninth Circuit itself. This process was constitutionally sufficient and firmly resolved any lingering substantive question of the merit of Beaty’s claim. Both the district court, and our three-judge panel, applied the Winter factors to conclude that Beaty had not met his burden of entitlement to injunctive relief. Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). That should be the end of the matter.
Judge Reinhardt suggests that the timing constraints at issue in this situation should prohibit Winter’s application, but he cites nothing to support that novel proposition.
To the contrary, the Supreme Court has instructed that “a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.” Id. at 374 (emphasis added); see also Hill v. McDonough, 547 U.S. 573, 584, 126 S.Ct. *1075 2096, 165 L.Ed.2d 44 (2006) (stating that a “preliminary injunction [for a stay of execution is] not granted unless the movant, by a clear showing, carries the burden of persuasion” (emphasis added)). No authority supports Judge Reinhardt’s proposition that a prisoner is entitled to a stay in order to get discovery to make out a claim. Not only does Winter apply, but we are prohibited from granting relief unless its standards are met.
The Supreme Court has instructed that an injunction is an “extraordinary and drastic remedy,” Munaf v. Geren, 553 U.S. 674, 689, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008), and that we should be especially cautious in granting injunctive relief where doing so would trample on the state court’s judgment. Baze, 553 U.S. at 51 n. 2, 128 S.Ct. 1520. Federal courts are not “boards of inquiry charged with determining ‘best practices’ for executions.” Id. at 51, 128 S.Ct. 1520. Pentobarbital is a barbiturate commonly used to euthanize terminally ill patients who seek death with dignity in states such as Oregon and Washington. It has also successfully been used for executions in at least four other states. Beaty’s sheer speculation that the drug, obtained from a domestic source, will act differently when administered to him by members of a team comprised of “medically trained personnel, such as physicians, physician assistants, nurses, or emergency medical technicians,” Dickens v. Brewer, 631 F.3d 1139, 1142 (9th Cir.2011), comes nowhere near meeting his burden of establishing that the drug is “ ‘sure or very likely to cause serious illness and needless suffering,’ and give rise to ‘sufficiently imminent dangers,’ ” Baze, 553 U.S. at 50, 128 S.Ct. 1520.
Were we to countenance such untimely hypothetical arguments, we would simply encourage collateral litigation, embroiling us in scientific controversies beyond our expertise and intruding on legislative and executive prerogative in providing for humane methods of execution. See id. at 51, 128 S.Ct. 1520. In the process, we would erect new obstacles preventing states from carrying out legitimate judgments and lose sight of our overarching responsibility to see that justice is done. Denial of en banc review accords the appropriate respect for both the state’s legitimate interests and Supreme Court precedent.
ORDER
May 27, 2011.
Before: THOMAS, Circuit Judge and Capital Case Coordinator.
The Amended Order dated May 25, 2011, is amended to include the attached concurrence by Chief Judge Kozinski and the additional dissent by Judge Reinhardt.