70 So.3d 525 (2011)
Manuel VALLE, Appellant(s)
v.
STATE of Florida, Appellee(s).
No. SC11-1387.
Supreme Court of Florida.
July 25, 2011.
Manuel Valle, a prisoner under sentence of death and for whom a death warrant has been signed, appeals the summary denial of his amended successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.851. On June 30, 2011, the Governor signed a death warrant, and Valle's execution was set for August 2, 2011. Valle sought postconviction relief in the circuit court, raising several claims, including a challenge to the June 8, 2011, protocol for lethal injection issued by the Department of Corrections (DOC), which replaced the first drug in its three-drug protocol, sodium thiopental, vrith another drug, pentobarbital sodium (pentobarbital). Among other things. *526 Valle challenged the efficacy of pentobarbital as an anesthetic to induce unconsciousness. As we explained in Lightbourne v. McCollum, 969 So.2d 326, 351 (Fla.2007), "[i]f the inmate is not fully unconscious when either pancuronium bromide or potassium chloride [the second and third drugs in the protocol] is injected, or when either of the chemicals begin to take effect, the prisoner will suffer pain."
The Court has determined that Valle's claim as to the use of pentobarbital as an anesthetic in the amount prescribed by Florida's protocol warrants an evidentiary hearing. We conclude based on Dr. David Waisel's expert report and affidavit, as well as the allegations in Valle's amended 3.851 motion, that Valle has raised a factual dispute, not conclusively refuted, as to whether the use of pentobarbital in Florida's lethal injection protocol will subject him to a "substantial risk of serious harm." Baze v. Rees, 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality opinion). In order to carefully consider this claim, we grant Valle's motion for stay, in part. This matter is stayed until 5:00 PM, September 1, 2011, absent further order of the Court.
Accordingly, we hereby temporarily relinquish jurisdiction to the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, until Friday, August 5, 2011, for the narrow purpose of holding an evidentiary hearing solely on Valle's claim regarding the efficacy of pentobarbital as an anesthetic in the amount prescribed by Florida's protocol. This includes factual allegations raised by Dr. Waisel in his expert report and affidavit concerning this discrete issue alone. We further direct the DOC to produce correspondence and documents it has received from the manufacturer of pentobarbital concerning the drug's use in executions, including those addressing any safety and efficacy issues. In this relinquishment proceeding, Valle shall not be permitted to relitigate or raise any other claims.
Upon the conclusion of the evidentiary hearing, the circuit court shall enter a written order as to Valle's claim on the efficacy of pentobarbital as an anesthetic. The hearing shall be concluded and the order entered no later than 2:00 PM, Friday, August 5, 2011. Upon issuance of the circuit court's order, the circuit court clerk shall immediately transmit a copy of the order to this Court. The circuit court clerk shall file a record of the entire relinquishment proceeding, including transcripts, with this Court no later than 2:00 PM, Friday, August 12, 2011. The record resulting from the above relinquishment proceeding shall reflect "supplemental record volume II, etc." and page numbering should start with page 48 and run consecutively. Per this Court's Administrative Order In Re: Mandatory Submission of Electronic Copies of Documents, AOSC04-84, dated September 13, 2004, the court reporters are directed to transmit a copy of any transcripts, in addition to paper copies, in an electronic format as required by the provisions of that order. An electronic version of the circuit court's order and the transcripts shall be submitted to the following e-mail address: warrant@ flcourts.org.
Thereafter, the parties are directed to file supplemental briefs limited solely to issues raised during the relinquishment proceedings regarding the efficacy of pentobarbital as an anesthetic in the amount prescribed by Florida's protocol. The supplemental initial brief shall be filed no later than 2:00 PM, Friday, August 12, 2011. The supplemental initial brief shall be limited to 50 pages. The supplemental answer brief shall be filed no later than 2:00 PM, Wednesday, August 17, 2011. The supplemental answer brief shall be *527 limited to 50 pages. The supplemental reply brief shall be filed no later than 2:00 PM, Friday, August 19, 2011. The supplemental reply brief shall be limited to 25 pages. NO MOTION FOR ENLARGEMENT OF THE BRIEFS SHALL BE CONSIDERED. Filing of the above briefs to this Court and to opposing counsel shall be via e-mail to the following address: warrant@flcourts.org. Oral argument, if necessary, shall be held on Wednesday, August 24, 2011, at 9:00 AM.
This Court shall defer ruling on the remainder of the issues raised on appeal until after the conclusion of the relinquishment proceedings and receipt of the supplemental record.
PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., dissents with an opinion, in which LEWIS and POLSTON, JJ., concur.
CANADY, C.J., dissenting.
I dissent from the majority's decision to remand this case for an evidentiary hearing on Valle's claim that Florida's lethal injection protocol is unconstitutional. The record in this case conclusively shows that Valle is not entitled to relief on his claim. Because Valle has not raised a facially sufficient claim that requires a factual determinationbut instead makes merely conclusory and speculative allegations about the use of pentobarbitalthe postconviction court did not err in summarily denying Valle's successive postconviction motion. See Fla. R.Crim. P. 3.851(f)(5)(B) ("If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion may be denied without an evidentiary hearing.").
Article I, section 17 of the Florida Constitution provides that "[a]ny method of execution shall be allowed, unless prohibited by the United States Constitution." Article I, section 17 further requires that its prohibition of excessive punishment "shall be construed in conformity with decisions of the United States Supreme Court which interpret the prohibition against cruel and unusual punishment provided in the Eighth Amendment to the United States Constitution." We are therefore bound by the precedent of the United States Supreme Court regarding challenges to methods of execution. Here, binding Supreme Court precedent requires that Valle's claim be rejected.
The Supreme Court has held that to state a claim under the Eighth Amendment, a defendant must show that the state's lethal injection protocol is " 'sure or very likely to cause serious illness and needless suffering.'" Brewer v. Landrigan, ___ U.S.___, 131 S.Ct. 445, 445, 178 L.Ed.2d 346 (2010) (quoting Baze v. Rees, 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality opinion)). Valle has not alleged a prima facie claim that Florida's execution protocol is sure or very likely to cause needless suffering. Accordingly, the trial court properly rejected his claim.
In the portion of his amended motion to vacate his sentence regarding lethal injection, Valle primarily alleges that the change from using sodium thiopental to using pentobarbital as the first drug of the three-drug protocol renders that lethal injection protocol unsound. Valle concedes that pentobarbital is a short-acting barbiturate used for preoperative sedation and for animal euthanasia but asserts that because pentobarbital has never been tested on humans for purposes of inducing an anesthetic coma, its insertion into the lethal injection protocol creates a constitutionally significant risk of pain. In support of his motion, Valle submitted an affidavit by Dr. David B. Waisel. Importantly, *528 while Dr. Waisel asserts that the lack of human testing of pentobarbital as an anesthetic and the lack of "standard clinical doses of pentobarbital to induce anesthesia" make it "much harder to determine how much pentobarbital would constitute a sufficient overdose," Dr. Waisel does not opine that the five grams of pentobarbital required by the lethal injection protocol would not render an inmate unconscious.
Valle has not alleged that the dose of pentobarbital prescribed by the lethal injection protocol will likely result in his experiencing pain during his execution. Valle has not alleged that Florida's revised lethal injection protocol "creates a demonstrated risk of severe pain," and, despite the acknowledged unavailability of sodium thiopental, he has made no attempt to allege that any risk of severe pain created by the revised protocol "is substantial when compared to the known and available alternatives." Baze, 553 U.S. at 61, 128 S.Ct. 1520.
Based on speculation and conjecture, Valle claims the right to judicial micromanagement of the execution process. He has no such right. In Lightbourne v. McCollum, 969 So.2d 326 (Fla.2007), this Court explained its role in reviewing the State's lethal injection protocol. This Court expressly cautioned that "[d]etermining the specific methodology and the chemicals to be used are matters left to the DOC and the executive branch, and this Court cannot interfere with the DOC's decisions in these matters unless the petitioner shows that there are inherent deficiencies that rise to an Eighth Amendment violation." Id. at 352; see also id. ("We reaffirm the Court's essential holding in Sims [v. State, 754 So.2d 657 (Fla.2000) ] that `determining the methodology and the chemicals to be used are matters best left to the Department of Corrections.'" (quoting Sims, 754 So.2d at 670)). Similarly, a plurality of the United States Supreme Court has warned that the Eighth Amendment should not be used to "transform courts into boards of inquiry charged with determining 'best practices' for executions, with each ruling supplanted by another round of litigation touting a new and improved methodology." Baze, 553 U.S. at 51, 128 S.Ct. 1520.
Moreover, Valle overlooks that the portions of Florida's lethal injection protocol that ensure that an inmate is unconscious before the second and third drugs-pancuronium bromide and potassium chloridemay be injected have not been changed since we approved the August 1, 2007, protocol. This Court has repeatedly recognized that the defendant is not exposed to an unconstitutional risk of pain so long as there are safeguards in place to ensure that the inmate is unconscious before the execution proceeds. See Ventura v. State, 2 So.3d 194, 200 (Fla.2009) ("Further, we have held that the condemned inmate's lack of consciousness is the focus of the constitutional inquiry."); Schwab v. State, 995 So.2d 922, 927 (Fla.2008) (adopting the trial court's order, which stated that the "critical point at which the Eighth Amendment comes into play in the course of a lethal injection is the point at which the second drug is administered" and that "the critical Eighth Amendment concern is whether the prisoner has, in fact, been rendered unconscious by the first drug"); id. at 929 (adopting the trial court's order, which stated that "the constitutional focus is unconsciousness, not the duration of the execution following unconsciousness" and that if the inmate has been rendered unconscious, "then any meaningful risk of pain has been eliminated"); Lightbourne, 969 So.2d at 346 (explaining that "the most significant difference between the August 2006 procedures under which Diaz was executed and the May 2007 procedures" is *529 the "inclusion of a pause during which the DOC personnel will assess the inmate for the presence or absence of unconsciousness"); id. at 351 ("If the inmate's consciousness is appropriately assessed and monitored after the dosage of sodium pentothal is administered, he or she will not suffer any pain from the injection of the remaining drugs."); id. at 352-53 ("As stressed repeatedly above, it is undisputed that there is no risk of pain if the inmate is unconscious before the second and third drugs are administered.... DOC added additional safeguards into the protocol to ensure the inmate will be unconscious before the execution proceeds. In light of these additional safeguards and the amount of the sodium pentothal used, which is a lethal dose in itself, we conclude that Lightbourne has not shown a substantial, foreseeable or unnecessary risk of pain." (footnote omitted)); see also Baze, 553 U.S. at 114, 128 S.Ct. 1520 (Ginsberg, J., dissenting) ("Kentucky's protocol lacks basic safeguards used by other States to confirm that an inmate is unconscious before injection of the second and third drugs. I would vacate and remand with instructions to consider whether Kentucky's omission of those safeguards poses an untoward, readily avoidable risk of inflicting severe and unnecessary pain."). Under the current protocol, if the pentobarbital does not render Valle unconscious, he will not be injected with the second and third drugs. Rather, the execution will be suspended until Valle is unconscious.
This Court has consistently affirmed the summary denial of postconviction motions that fail to allege a risk of pain not addressed in Lightbourne. See, e.g., Schoenwetter v. State, 46 So.3d 535, 551 (2010) ("Appellant therefore failed to raise any challenge to Florida's lethal injection protocols that had not previously been considered by this Court. Accordingly, nothing in his claim required a factual determination."); Tompkins v. State, 994 So.2d 1072, 1082 (Fla.2008) ("Further, the trial court did not err in not allowing Tompkins to present additional witnesses because the proposed testimony of these witnesses does not support a departure from this Court's precedent, since it has already been considered by this Court.").
We have also affirmed the summary denial of claims that alleged defects in the protocol that were not specifically addressed but were clearly refuted by Lightbourne. For example in Troy v. State, 57 So.3d 828, 840 (Fla.2011), this Court stated that "[a]s to the remaining claims that were not duplicated in Lightbourne, we conclude that Troy is not entitled to relief under the analogous and comprehensive analysis we undertook in Lightbourne." (Emphasis added.) Specifically, this Court declined to grant an evidentiary hearing on Troy's claims that a barbiturate-only protocol should be adopted and that Florida's procedures regarding venous access were inadequate. This Court reasoned that "[c]onclusory allegations are not sufficient to establish a legally sufficient claim for postconviction relief." Id.
There is no reason to treat Valle's successive motion differently. In the instant proceeding, Valle has at most presented conclusory and speculative allegations that pentobarbital might not render him unconscious as quickly or efficiently as sodium thiopental would-without addressing the safeguards built into the protocol that ensure that an inmate is unconscious before the execution proceeds. As a result, his allegations do not raise a material issue of fact that must be resolved in order to rule on his Eighth Amendment claim.
Finally, it is noteworthy that challenges to the use of pentobarbital by inmates in other states have been consistently rejected. *530 See DeYoung v. Owens, 646 F.3d 1319 (11th Cir.2011); West v. Brewer, 652 F.3d 1060 (9th Cir. 2011); Powell v. Thomas, 643 F.3d 1300 (11th Cir.2011); Dickens v. Brewer, 631 F.3d 1139 (9th Cir.2011); Pavatt v. Jones, 627 F.3d 1336 (10th Cir. 2010), cert, denied, ___ U.S. ___, 131 S.Ct. 974, 178 L.Ed.2d 807 (2011).
I therefore dissent.
LEWIS and POLSTON, JJ., concur.