CANADY, C.J.,
dissenting.
I dissent from the majority’s decision to remand this case for an evidentiary hearing on Valle’s claim that Florida’s lethal injection protocol is unconstitutional. The record in this case conclusively shows that Valle is not entitled to relief on his claim. Because Valle has not raised a facially sufficient claim that requires a factual determination — but instead makes merely conclusory and speculative allegations about the use of pentobarbital — the post-conviction court did not err in summarily denying Valle’s successive postconviction motion. See Fla. R.Crim. P. 3.851(f)(5)(B) (“If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion may be denied without an evidentiary hearing.”).
Article I, section 17 of the Florida Constitution provides that “[a]ny method of execution shall be allowed, unless prohibited by the United States Constitution.” Article I, section 17 further requires that its prohibition of excessive punishment “shall be construed in conformity with decisions of the United States Supreme Court which interpret the prohibition against cruel and unusual punishment provided in the Eighth Amendment to the United States Constitution.” We are therefore bound by the precedent of the United States Supreme Court regarding challenges to methods of execution. Here, binding Supreme Court precedent requires that Valle’s claim be rejected.
The Supreme Court has held that to state a claim under the Eighth Amendment, a defendant must show that the state’s lethal injection protocol is “ ‘sure or very likely to cause serious illness and needless suffering.’ ” Brewer v. Landrigan, — U.S.-, 131 S.Ct. 445, 445, 178 L.Ed.2d 346 (2010) (quoting Baze v. Rees, 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality opinion)). Valle has not alleged a prima facie claim that Florida’s execution protocol is sure or very likely to cause needless suffering. Accordingly, the trial court properly rejected his claim.
In the portion of his amended motion to vacate his sentence regarding lethal injection, Valle primarily alleges that the change from using sodium thiopental to using pentobarbital as the first drug of the three-drug protocol renders that lethal injection protocol unsound. Valle concedes that pentobarbital is a short-acting barbiturate used for preoperative sedation and for animal euthanasia but asserts that because pentobarbital has never been tested on humans for purposes of inducing an anesthetic coma, its insertion into the lethal injection protocol creates a constitutionally significant risk of pain. In support of his motion, Valle submitted an affidavit by Dr. David B. Waisel. Impor *528 tantly, while Dr. Waisel asserts that the lack of human testing of pentobarbital as an anesthetic and the lack of “standard clinical doses of pentobarbital to induce anesthesia” make it “much harder to determine how much pentobarbital would constitute a sufficient overdose,” Dr. Wai-sel does not opine that the five grams of pentobarbital required by the lethal injection protocol would not render an inmate unconscious.
Valle has not alleged that the dose of pentobarbital prescribed by the lethal injection protocol will likely result in his experiencing pain during his execution. Valle has not alleged that Florida’s revised lethal injection protocol “creates a demonstrated risk of severe pain,” and, despite the acknowledged unavailability of sodium thiopental, he has made no attempt to allege that any risk of severe pain created by the revised protocol “is substantial when compared to the known and available alternatives.” Baze, 553 U.S. at 61, 128 S.Ct. 1520.
Based on speculation and conjecture, Valle claims the right to judicial micromanagement of the execution process. He has no such right. In Lightbourne v. McCollum, 969 So.2d 826 (Fla.2007), this Court explained its role in reviewing the State’s lethal injection protocol. This Court expressly cautioned that “[determining the specific methodology and the chemicals to be used are matters left to the DOC and the executive branch, and this Court cannot interfere with the DOC’s decisions in these matters unless the petitioner shows that there are inherent deficiencies that rise to an Eighth Amendment violation.” Id. at 352; see also id. (“We reaffirm the Court’s essential holding in Sims [v. State, 754 So.2d 657 (Fla.2000) ] that ‘determining the methodology and the chemicals to be used are matters best left to the Department of Corrections.’ ” (quoting Sims, 754 So.2d at 670)). Similarly, a plurality of the United States Supreme Court has warned that the Eighth Amendment should not be used to “transform courts into boards of inquiry charged with determining ‘best practices’ for executions, with each ruling supplanted by another round of litigation touting a new and improved methodology.” Baze, 553 U.S. at 51, 128 S.Ct. 1520.
Moreover, Valle overlooks that the portions of Florida’s lethal injection protocol that ensure that an inmate is unconscious before the second and third drugs-pancu-ronium bromide and potassium chloride-may be injected have not been changed since we approved the August 1, 2007, protocol. This Court has repeatedly recognized that the defendant is not exposed to an unconstitutional risk of pain so long as there are safeguards in place to ensure that the inmate is unconscious before the execution proceeds. See Ventura v. State, 2 So.3d 194, 200 (Fla.2009) (“Further, we have held that the condemned inmate’s lack of consciousness is the focus of the constitutional inquiry.”); Schwab v. State, 995 So.2d 922, 927 (Fla.2008) (adopting the trial court’s order, which stated that the “critical point at which the Eighth Amendment comes into play in the course of a lethal injection is the point at which the second drug is administered” and that “the critical Eighth Amendment concern is whether the prisoner has, in fact, been rendered unconscious by the first drug”); id. at 929 (adopting the trial court’s order, which stated that “the constitutional focus is unconsciousness, not the duration of the execution following unconsciousness” and that if the inmate has been rendered unconscious, “then any meaningful risk of pain has been eliminated”); Lightbourne, 969 So.2d at 346 (explaining that “the most significant difference between the August 2006 procedures under which Diaz was executed and the May 2007 procedures” is *529 the “inclusion of a pause during which the DOC personnel will assess the inmate for the presence or absence of unconsciousness”); id. at 851 (“If the inmate’s consciousness is appropriately assessed and monitored after the dosage of sodium pen-tothal is administered, he or she will not suffer any pain from the injection of the remaining drugs.”); id. at 352-53 (“As stressed repeatedly above, it is undisputed that there is no risk of pain if the inmate is unconscious before the second and third drugs are administered.... DOC added additional safeguards into the protocol to ensure the inmate will be unconscious before the execution proceeds. In light of these additional safeguards and the amount of the sodium pentothal used, which is a lethal dose in itself, we conclude that Lightbourne has not shown a substantial, foreseeable or unnecessary risk of pain.” (footnote omitted)); see also Baze, 553 U.S. at 114, 128 S.Ct. 1520 (Ginsberg, J., dissenting) (“Kentucky’s protocol lacks basic safeguards used by other States to confirm that an inmate is unconscious before injection of the second and third drugs. I would vacate and remand with instructions to consider whether Kentucky’s omission of those safeguards poses an untoward, readily avoidable risk of inflicting severe and unnecessary pain.”). Under the current protocol, if the pento-barbital does not render Valle unconscious, he will not be injected with the second and third drugs. Rather, the execution will be suspended until Valle is unconscious.
This Court has consistently affirmed the summary denial of postconviction motions that fail to allege a risk of pain not addressed in Lightbourne. See, e.g., Schoenwetter v. State, 46 So.3d 535, 551 (2010) (“Appellant therefore failed to raise any challenge to Florida’s lethal injection protocols that had not previously been considered by this Court. Accordingly, nothing in his claim required a factual determination.”); Tompkins v. State, 994 So.2d 1072, 1082 (Fla.2008) (“Further, the trial court did not err in not allowing Tompkins to present additional witnesses because the proposed testimony of these witnesses does not support a departure from this Court’s precedent, since it has already been considered by this Court.”).
We have also affirmed the summary denial of claims that alleged defects in the protocol that were not specifically addressed but were clearly refuted by Lightbourne. For example in Troy v. State, 57 So.3d 828, 840 (Fla.2011), this Court stated that “[a]s to the remaining claims that were not duplicated in Lightb-oume, we conclude that Troy is not entitled to relief under the analogous and comprehensive analysis we undertook in Lightbourne.” (Emphasis added.) Specifically, this Court declined to grant an evi-dentiary hearing on Troy’s claims that a barbiturate-only protocol should be adopted and that Florida’s procedures regarding venous access were inadequate. This Court reasoned that “[cjonclusory allegations are not sufficient to establish a legally sufficient claim for postconviction relief.” Id.
There is no reason to treat Valle’s successive motion differently. In the instant proceeding, Valle has at most presented conclusory and speculative allegations that pentobarbital might not render him unconscious as quickly or efficiently as sodium thiopental would — without addressing the safeguards built into the protocol that ensure that an inmate is unconscious before the execution proceeds. As a result, his allegations do not raise a material issue of fact that must be resolved in order to rule on his Eighth Amendment claim.
Finally, it is noteworthy that challenges to the use of pentobarbital by inmates in other states have been consistently reject *530 ed. See DeYoung v. Owens, 646 F.3d 1319 (11th Cir.2011); West v. Brewer, 652 F.3d 1060 (9th Cir. 2011); Powell v. Thomas, 643 F.3d 1300 (11th Cir.2011); Dickens v. Brewer, 631 F.3d 1139 (9th Cir.2011); Pa-vatt v. Jones, 627 F.3d 1336 (10th Cir. 2010), cert. denied, — U.S. -, 131 S.Ct. 974, 178 L.Ed.2d 807 (2011).
I therefore dissent.
LEWIS and POLSTON, JJ., concur.