Eddie Duval Powell III was convicted of capital murder and was sentenced to death. The Court of Criminal Appeals affirmed his conviction and his sentence. Powell v. State, 796 So.2d 404 (Ala.Crim.App. 1999). We granted certiorari review. We affirm.
Powell was indicted by a Tuscaloosa County grand jury on four counts of capital murder related to the shooting death of 70-year-old Mattie Wesson. Count I charged Powell with murder made capital because it was committed during the course of a burglary in the first or second degree or during an attempt thereof, a violation of Ala. Code 1975, §13A-5-40(a)(4); Count II charged Powell with murder made capital because it was committed during the course of a robbery in the first degree or during an attempt thereof, a violation of § 13A-5-40(a)(2); Count III charged Powell with murder made capital because it was committed during the course of a rape in the first or second degree or during an attempt thereof, a violation of § 13A-5-40(a)(3); and Count IV charge Powell with murder made capital because it was committed during the course of sodomy in the first or second degree or during an attempt thereof, a violation of § 13A-5-40(a)(3).
A jury convicted Powell on each count. The trial court then conducted the penalty phase of Powell's trial, in accordance with Ala. Code 1975, § 13A-5-6. After hearing the evidence presented by the parties and hearing the arguments of counsel, the jury recommended, by a vote of 11-1, that Powell be sentenced to death.
Thereafter, the trial court conducted its own sentencing hearing, as required by Ala. Code 1975, § 13A-5-47. The trial court found the existence of two statutory aggravating circumstances, one statutory mitigating circumstance, and eight nonstatutory mitigating circumstances. In light of those circumstances and the jury's recommendation, the trial court sentenced Powell to death by electrocution.
This Court, on March 6, 2000, granted Powell's petition for a writ of certiorari to review the opinion of the Court of Criminal Appeals and to search the record for plain error, pursuant to Rule 39(k), Ala.R.App.P.[1] In his brief to the Court of Criminal Appeals, Powell raised seven issues, several of which had subparts. The Court of Criminal Appeals thoroughly addressed and properly decided each of these issues. In his ceritorari petition to this Court, Powell raised an *Page 436 
additional 34 issues, most of which have multiple subparts. Because these additional issues were not raised in the Court of Criminal Appeals, they are not subject to appellate review absent plain error. See Exparte Myers, 699 So.2d 1285, 1296 (Ala. 1998), cert. denied,522 U.S. 1054 (1998); Ex parte Frith, 526 So.2d 880, 882
(Ala. 1977). Error is plain "if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings." Haney v. State, 603 So.2d 368, 392
(Ala.Crim.App. 1991), aff'd, 603 So.2d 412 (Ala. 1992), cert. denied,507 U.S. 925 (1993). (Citation omitted.) Powell also raised two issues for the first time in his reply brief filed with this Court. As a general rule, issues raised for the first time in a reply brief are not properly subject to appellate review. See Kennesaw Life AccidentIns. Co. v. Old Nat'l Ins. Co., 291 Ala. 752, 287 So.2d 869, 871
(1973).[2] None of the issues raised in either of Powell's briefs has merit. Moreover, our search of the record reveals no error, plain or otherwise.
As required by Rule 39(k), Ala.R.App.P., we have meticulously searched the entire record for error, and we have found none, plain or otherwise.[3] We conclude that Powell received a fair trial.
We have reviewed the opinion of the Court of Criminal Appeals and conclude that it adequately and properly reviewed Powell's conviction and sentence. The judgment of the Court of Criminal Appeals affirming Powell's conviction and his sentence of death is affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, See, Lyons, Brown, and Johnstone, JJ., concur.
[1] Rule 39 was amended, effective May 19, 2000.
 "The amendment removes the provision in the former Rule 39(c) that provided that a petition for a writ of certiorari to the Supreme Court in a case in which the death penalty was imposed would be granted as a matter of right. With this amendment, review of death-penalty cases will be at the discretion of the Supreme Court. The Supreme Court retains the authority to notice any plain error or defect in the proceedings under review in those cases."
"Court Comment to Amendment to Rule 39 effective May 19, 2000, as to death-penalty cases, etc.," Ala.R.App.P.
[2] We note that Kennesaw Life Accident Insurance Co. v. Old NationalInsurance Co. did not involve the imposition of the death penalty and, therefore, was decided in accordance with the general rules regarding the preservation of error on appeal. Because this present case involves the imposition of the death penalty, we caution that the Kennesaw rule would not apply in the presence of plain error.
[3] The petition for certiorari review in this case was filed in this Court on December 22, 1999, before the effective date of the amendment to Rule 39. See note 1.