[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

No. 11-12613

EDDIE D. POWELL,

Plaintiff-Appellant,

versus

KIM THOMAS, Interim Commissioner,
Alabama Department of Corrections,
individually and in his official capacity,
ANTHONY PATTERSON, Warden,
Holman Correctional Facility,
individually and in his official capacity,

Defendants-Appellees.

--------------------------
On Appeal from the United States District Court for the
Middle District of Alabama
--------------------------
(June 15, 2011)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Eddie Powell is currently on death row in Alabama.[1]  He is scheduled for execution by lethal injection on Thursday, June 16, 2011 at 6:00 p.m.  On May 13, 2011, Powell filed this civil rights action in the United States District Court for the Middle District of Alabama under 42 U.S.C. § 1983, contending that the Alabama Department of Corrections' ("ADOC") recent change from sodium thiopental to pentobarbitol as the first of three drugs used in the lethal injection protocol constitutes cruel and unusual punishment in violation of the Eighth Amendment and violates his rights protected by the Due Process Clause of the Fourteenth Amendment.  Powell seeks declaratory and injunctive relief aimed at stopping Alabama from executing him using its lethal injection protocol.  The district court just granted the ADOC's motion to dismiss on June 9, 2011 because Powell's § 1983 action is barred by the two-year statute of limitations.  Powell never moved the district court for a temporary stay of execution, although the district court observed that if Powell had moved for a stay, it would have denied the application.

On appeal, Powell argues that the district court erred in granting the motion to dismiss on statute of limitations grounds because: (1) in rejecting his claim that

---

[1]  The facts of Powell's crimes are laid out in Powell v. State, 796 So. 2d 404 (Ala. Crim. App. 1999), aff'd, 796 So. 2d 434 (Ala. 2001), cert. denied, 534 U.S. 904 (2001).  We affirmed the denial of Powell's petition for writ of habeas corpus in Powell v. Allen, 602 F.3d 1263 (11th Cir. 2010) (per curiam), cert. denied, 131 S.Ct. 1002 (2011).

2

the ADOC's lethal injection protocol violates the Eighth Amendment, the district court relied on external evidence and dicta, and the change in lethal injection protocol is significant; and (2) his claim regarding Alabama's secrecy and arbitrary changes also accrued when the ADOC changed the first drug in the protocol. After an expedited briefing schedule and thorough review, we affirm.

We review the district court's grant of a motion to dismiss de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).

The relevant facts and procedural history are these. On April 15, 2011, the Alabama Supreme Court set Powell's execution for June 16, 2011. On April 26, 2011, the ADOC publicly announced that it was changing the first drug in its lethal injection protocol from sodium thiopental to pentobarbital. Seventeen days later, Powell filed this § 1983 action in the district court, claiming that the change in protocol violated his rights under the Eighth and Fourteenth Amendments. In rejecting his claims, the district court concluded that they were brought well past the two-year statute of limitations governing § 1983 actions, since the statute of limitations for Powell's challenge to execution by lethal injection began running on July 31, 2002, the last time the state made a "significant change" in the state

execution protocol by switching from electrocution to lethal injection, and therefore they expired on July 31, 2004.

Powell is not the first Alabama death row inmate to bring these constitutional causes of action. A nearly identical complaint was filed by another Alabama death row inmate, Jason Oric Williams. On May 13, 2011, Williams filed an emergency motion to intervene in Powell's action and a motion for a temporary stay of execution. The district court permitted Williams to intervene, given the overlapping "common issues of fact and law" and Williams's imminent May 19, 2011 execution date. In a memorandum opinion and order entered on May 16, 2011, the district court denied Williams's motion for a temporary stay of execution, however, and a panel of this Court affirmed that decision in a published opinion on May 19, 2011. Powell v. Thomas, __ F.3d __, 2011 WL 2077796 (11th Cir. May 19, 2011) (per curiam) (styled "Powell" because Williams intervened in this case; hereinafter "Powell(Williams)"), cert. denied, Williams v. Thomas, __ S. Ct. __, 2011 WL 1894851 (U.S. May 19, 2011).

In Williams's appeal, the Eleventh Circuit first addressed a § 1983 claim identical to Powell's Eighth Amendment claim, recognizing that "to prevail on such a claim there must be a 'substantial risk of serious harm,' an 'objectively intolerable risk of harm' that prevents prison officials from pleading that they were

4

'subjectively blameless for purposes of the Eighth Amendment.'"
Powell(Williams), 2011 WL 2077796, at *1 (quoting Baze v. Rees, 553 U.S. 35, 50 (2008) (plurality opinion)). We then rejected his claim, squarely holding that "[t]he evidence present does not demonstrate that the ADOC's use of pentobarbital creates substantial risk of serious harm to Williams." Id.

Turning to Williams's notice claim, the Eleventh Circuit discussed, among other cases, Nelson v. Campbell, 541 U.S. 637 (2004), which Williams had relied on to establish an Eighth Amendment right to know the details surrounding his execution. We recognized that in Nelson, the Supreme Court had "concluded that 42 U.S.C. § 1983 was 'an appropriate vehicle for petitioner's Eighth Amendment claim seeking a temporary stay' based on altered execution protocols that could violate a defendant's civil rights." Powell(Williams), 2011 WL 2077796, at *2 (quoting Nelson, 541 U.S. at 639). The Powell(Williams) panel then noted that in the case before it, "the district court found that the State's representations regarding the amended execution protocol were accurate and adequately informed Williams of the process that would be used." Id. at *3. Notably, we concluded: "The replacement of sodium thiopental with pentobarbital does not constitute a significant alteration in the ADOC's lethal injection protocol, and . . . such an

5

amendment does not violate the Eighth Amendment under the cases cited by Williams." Id. (emphasis added).

Today we are called on to determine whether, in light of our prior precedent in Powell(Williams), Powell's claims are still viable. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008) (quotation omitted). In Alabama, where Powell brought this action, that limitations period is two years. See Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) ("[T]he two-year limitations period . . . applies to section 1983 actions in Alabama.").

In McNair v. Allen, 515 F.3d 1168 (11th Cir. 2008), we set out the triggering dates for the statute of limitations for a challenge to a method of execution. We held that an inmate's "method of execution claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol." Id. at 1174 (emphasis added). As we discussed in McNair, in July 2002, the state of Alabama implemented a new execution protocol, changing the "preferred method of execution from electrocution to lethal injection." Id. at 1177. Inmates

on death row at that time, including Powell, had thirty days to opt out of the lethal injection protocol and elect execution by electrocution. For any death row inmate who did not choose electrocution, July 31, 2002 was the date "when it became clear he would be executed by lethal injection," and thus, was the date when the running of the statute of limitations commenced. Id. Simply put, that meant that, in McNair, the statute of limitations for the death row inmate's § 1983 Eighth Amendment claim challenging Alabama's lethal injection protocol began to run on July 31, 2002. And, "absent a significant change in the state's execution protocol (which did not occur in [that] case)," the inmate was required to bring his claim by July 31, 2004, which was "more than two years before his complaint was filed." Id. The inmate's claim was, therefore, barred by the two-year statute of limitations.

Here, Powell's conviction and sentence became final on October 1, 2001, when the United States Supreme Court denied Powell's petition for a writ of certiorari on direct review of his conviction and sentence. Powell v. Alabama, 534 U.S. 904 (2001). The statute of limitations was not triggered on that date because, "at that time, Alabama had not yet adopted lethal injection as a form of execution." Id. Hence, Powell's challenge to execution by lethal injection accrued on July 31, 2002, absent a later "significant change" in the state execution protocol.

7

Powell claims that the basis of his first claim -- that the ADOC's lethal injection protocol violates the Eighth Amendment -- has undergone a "significant change" as contemplated by McNair, because of the recent change in the anesthetic used to ensure that there is no pain during the remaining stages of the procedure.  However, this very argument -- that the ADOC's change from sodium thiopental to pentobarbital, is a substantial or significant change in the lethal injection protocol -- was rejected by a panel of this Court in Powell(Williams), where we held that "[t]he replacement of sodium thiopental with pentobarbital does not constitute a significant alteration in the ADOC's lethal injection protocol."  2011 WL 2077796, at *3 (emphasis added).  Indeed, as the Tenth Circuit has recognized, sodium thiopental and pentobarbital are both classified as barbiturates.  See Pavatt v. Jones, 627 F.3d 1336, 1337 (10th Cir. 2010).  They differ in their length of effect; sodium thiopental is "ultrashort-acting," while pentobarbital is "intermediate-acting" -- which simply means its effect lasts longer than that of sodium thiopental.  Id. at 1340 & n.3.

Powell's attempts to circumvent the holding of Powell(Williams) fall flat.  As for Powell's claim that Powell(Williams)'s key language is dicta, the Eleventh Circuit panel in that discussion was expressly addressing Williams's claim that he had an Eighth Amendment right to know the details surrounding his execution.

8

Williams had based his claim, in part, on Nelson, 541 U.S. at 639, where the Supreme Court had concluded "that 42 U.S.C. § 1983 was 'an appropriate vehicle for petitioner's Eighth Amendment claim seeking a temporary stay' based on altered execution protocols that could violate a defendant's civil rights." Powell(Williams), 2011 WL 2077796, at *2 (emphasis added). Applying Nelson to Williams's claim, the Powell(Williams) panel concluded that "[t]he replacement of sodium thiopental with pentobarbital does not constitute a significant alteration in the ADOC's lethal injection protocol, and . . . such an amendment does not violate the Eighth Amendment under the cases cited by Williams." Id. at *3 (emphasis added). Accordingly, the Powell(Williams) panel necessarily answered whether the change in lethal injection protocol was a significantly altered one in rejecting Williams's Nelson claim. Its language regarding whether the alteration was significant, therefore, constitutes holding, not dicta. As we've said, dicta is defined as those portions of an opinion that are "not necessary to deciding the case then before us," whereas holding is comprised both of the result of the case and "those portions of the opinion necessary to that result by which we are bound." United States v. Kaley, 579 F.3d 1246, 1253 n.10 (11th Cir. 2009) (quotation omitted).

Moreover, if the change in protocol is not a "significant alteration" for purposes of an Eighth Amendment notice claim, we cannot see how it would constitute a significant change for purposes of a statute of limitations' triggering date. Indeed, we recognize that Williams's claim in Powell(Williams) was decided on an appeal from the district court's denial of a motion for a temporary stay of execution. However, as the district court noted, no reason has been offered, and none can be envisioned, why Powell(Williams)'s holding would mean something different when analyzing whether a change in execution protocol is significant or substantial in either circumstance. In both cases, the allegations are identical, and the Powell(Williams) Court clearly went to the merits of the issue when ruling on the motion for stay. Thus, not only do we reject Powell's suggestion that the district court erroneously relied on external evidence from Powell(Williams), and went beyond the face of Powell's complaint in deciding this case, but we conclude that the district court did not err in basing its conclusion on our binding precedent in Powell(Williams), which applies here. Furthermore, in light of our binding precedent, we are obliged to reject Powell's attempt to relitigate the issue of whether the ADOC's action in changing the first drug in the lethal injection protocol from sodium thiopental to pentobarbital is a "significant" change for

purposes of McNair.  For these reasons, the district court did not err in determining that Powell's claim is barred by the statute of limitations.

Nor, moreover, did the district court err in dismissing Powell's second claim -- that his rights under the Eighth and Fourteenth Amendments were violated because Alabama's private execution protocol was changed secretly and without any oversight -- on statute of limitations grounds.  As the district court held, Powell could have challenged the ADOC's "secrecy" surrounding the method of execution beginning July 31, 2002, as the facts supporting this cause of action "should have been apparent to any person with a reasonably prudent regard for his rights."  McNair, 515 F.3d at 1177.  Indeed, as Powell acknowledges in his opening brief, "Alabama does not mandate by statute or regulation what drugs are to be used in conducting a lethal injection, and the ADOC may change the drugs used in the protocol at any time for any reason without notice or oversight[,] . . . [and the drug used] is subject to change at any time."  Blue Br. at 13 n.3.  Thus, Powell fails to show how his claim about the secrecy surrounding the ADOC's recent change in lethal injection protocol was revived by the ADOC's 2011 switch in drugs.  And in any event, this very claim was also rejected by this Court in Powell(Williams), which, as noted above, constitutes binding precedent.  See 2011 WL 2077796, at *3.  The district court, therefore, did not err in finding Powell's

11

second claim for relief barred by the statute of limitations as well. Accordingly,

we affirm.[2]

     **AFFIRMED.**

---

[2] In light of our resolution of this appeal, as well as our binding precedent in Powell(Williams), we also DENY Appellant's Emergency Motion for Stay of Execution.