[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14994
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00136-HLM

WILLIAM JOHNSON,

Plaintiff-Appellant,

versus

COUNTY OF PAULDING, GEORGIA,
BOARD OF COMMISSIONERS FOR PAULDING COUNTY,
PAULDING COUNTY SHERIFF'S DEPARTMENT,
SHERIFF GARY GULLEDGE,
in his official and individual capacity,
OFFICER AL GONZALEZ,
in his official and individual capacity,
MAJOR SHELIA CRATON,
in her official and individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 12, 2019)

Before MARCUS, BRANCH and GRANT, Circuit Judges.

PER CURIAM:

William Johnson, proceeding pro se, appeals the district court's orders granting the defendants' motion to dismiss and motion for summary judgment dismissing his ten-count § 1983 complaint, which sought relief for violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights for being illegally arrested without probable cause, jailed, and charged with crimes he did not commit.  On appeal, Johnson argues that: (1) his false arrest claim and McLaughlin[1] claim were not barred by the statute of limitations because the limitations period began to run after he was released from pre-trial custody; (2) his false arrest claim was not barred by Heck v. Humphrey, 512 U.S. 477 (1994); (3) a judicial officer never made a probable cause determination for his probation warrant, for purposes of his McLaughlin claim; and (4) his First Amendment claim is documented in the trial court pleadings and his habeas corpus action.  After careful review, we affirm.

We review summary judgment decisions de novo, viewing the facts and inferences in the light most favorable to the non-moving party.  United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004).  Summary judgment should be granted only if "there is no

---

[1] Cty. of Riverside v. McLaughlin, 500 U.S. 44 (1991) (requiring a judicial probable cause hearing within 48 hours of arrest).

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Once the movant satisfies its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quotation omitted).  "A mere scintilla of evidence supporting the [nonmoving] party's position will not suffice." Id. (quotation omitted).

We will not consider an issue not raised in the district court and raised for the first time on appeal.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).  In addition, "the law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." Id. at 1330; Mesa Air Grp., Inc. v. Delta Air Lines, Inc., 573 F.3d 1124, 1130 n.7 (11th Cir. 2009) (holding that an argument not made in the initial brief is waived).

First, we are unpersuaded by Johnson's claim that the district court erred in granting summary judgment as to Johnson's false arrest and McLaughlin claims on statute-of-limitations grounds.  All constitutional claims brought under 42 U.S.C. § 1983 are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011).  In Georgia, actions for injuries to the person shall be brought

3

within two years after the right of action accrues.  Ga. Code § 9-3-33 (2010).  The statute of limitations for claims brought under § 1983 begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant. Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (per curiam).  Fourth Amendment false arrest claims brought pursuant to § 1983 accrue when the claimant is detained pursuant to a legal process, not later upon his release from custody.  Wallace v. Kato, 549 U.S. 384, 389-91 (2007).  Additionally, the Fourth Amendment requires that judicial determinations of probable cause must be conducted within 48 hours of a warrantless arrest.  McLaughlin, 500 U.S. at 56.

Here, Johnson alleged that he was falsely arrested for driving under the influence ("DUI") on January 28, 2016.  This means that Johnson would have been detained by legal process on January 28, 2016, and that it would have been apparent to him that he potentially had a false arrest claim on January 28, 2016.  See Kato, 549 U.S. at 391; Brown, 335 F.3d at 1261.  Because Johnson did not bring this action until June 5, 2018, his false arrest claim was raised outside of the two-year statute of limitations.  See Ga. Code § 9-3-33 (2010).

As for his McLaughlin claim, the case law provides that if Johnson was arrested without a warrant, then he was entitled to a judicial probable cause determination within 48 hours of his arrest.  See McLaughlin, 500 U.S. at 56.  Since he was arrested on January 28, 2016, it would have been apparent to Johnson that he

4

potentially had a McLaughlin claim on January 30, 2016.  Because Johnson did not bring this action until June 5, 2018, his McLaughlin claim also was raised outside of the two-year statute of limitations.  See Ga. Code § 9-3-33 (2010).  Thus, the district court did not err in holding that the statute of limitations barred both of these claims.

Nor do we find any merit to Johnson's argument that the district court erred in rejecting his First Amendment claim.  "It is now clearly established that prisoners have a constitutional right of access to the courts," which requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in the law.  Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006) (citation omitted).  To assert an access-to-the-courts claim, an inmate must first establish an actual injury.  Lewis v. Casey, 518 U.S. 343, 348-49 (1996).  "At the summary judgment stage, general factual allegations of injury will not suffice; rather, the plaintiff must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true."  Barbour, 471 F.3d at 1225 (quotations omitted).  Further, a party's appellate brief may not incorporate by reference arguments made in other pleadings so as to have us "ferret out and review any and all arguments," to assess which ones may have merit.  Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1167, n.4 (11th Cir. 2004)

(holding that mere citation to and incorporation of documents filed in the district court does not comply with the various Federal Rules of Appellate Procedure).

Here, Johnson's pleadings in the district court and this Court are insufficient to maintain his First Amendment claim.  Our case law is clear that at the summary judgment stage, "the plaintiff must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true," Barbour, 471 F.3d at 1225 (quotations omitted), and if the plaintiff "come[s] forward with specific facts showing that there is a genuine issue for trial," summary judgment should be denied.  Allen, 121 F.3d at 646 (quotation omitted).  As the record reflects, Johnson responded to the defendants' summary judgment arguments concerning his First Amendment claim by saying only that his habeas corpus action stated sufficient evidence to support his claim, without providing any of the relevant evidence.  This response -- which included no specific facts whatsoever -- failed to satisfy Johnson's burden of demonstrating to the district court that summary judgment was not warranted.  Barbour, 471 F.3d at 1225; Allen, 121 F.3d at 646.  Moreover, in his brief in this Court, Johnson failed to brief the issue on appeal or raise any argument as to how the district court erred in its grant of summary judgment.  See Access Now, Inc., 385 F.3d at 1330.  Accordingly, we affirm.[2]

---

[2] We add that Johnson abandoned his right to appeal the district court's dismissal of claims against County of Paulding, Georgia, Board of Commissioners for Paulding County, Paulding County Sheriff's Department, and the individual defendants in their official capacity based on

**AFFIRMED**.

---

Eleventh Amendment sovereign immunity, his Fifth, Sixth, Eighth and Fourteenth Amendment claims, and state law claims.  This is because he failed to provide argument on the issues in his initial brief.  See Access Now, 385 F.3d at 1330; Mesa Air Grp., 573 F.3d at 1130 n.7.