[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11971
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-05853-SCJ

EDDIE JOHNSON,

Plaintiff - Appellant,

versus

GEORGIA DEPARTMENT OF VETERANS SERVICE,
et al.,
MIKE ROBY,
Commissioner,
CRALETA ROBINSON,
Coach, Employee, GA Dept. Vet. SVC.,
RONDA WILSON,
Employee, GA Dept. of Vet. SVC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2019)

Before WILLIAM PRYOR, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Eddie Johnson, proceeding *pro se*, appeals (1) the *sua sponte* dismissal of his civil rights action, brought under 42 U.S.C. § 1983, for violations of the Fifth and Fourteenth Amendments to the United States Constitution and (2) denial of his motion to amend the complaint.   After review of the record, we affirm.

## I

On December 21, 2018, Mr. Johnson sued the Georgia Department of Veterans Service, its commissioner, and two of its employees under § 1983 for violations of the Fifth and Fourteenth Amendments.   Mr. Johnson claimed that the defendants illegally interfered in his administrative hearing before the Board of Veterans Appeals ("BVA") as a part of a conspiracy to deny him compensation for injuries suffered during military service.   Specifically, Mr. Johnson alleged that the defendants illegally represented to the BVA that the Georgia Department of Veterans Affairs ("DVA") was his legal representative without standing to do so.

Mr. Johnson asserted that he submitted several *pro se* claims for compensation to the DVA and never let the Georgia Department of Veterans Service, or any other entity authority, represent him.   Several letters from the DVA corroborate that it had no record of appointing a representative for any of Mr. Johnson's claims.   *See* D.E. 2-2 at 12, 14, 22, 23, 29, 31, 42, 45.

To further bolster his claim, Mr. Johnson also submitted an affidavit and

2

several letters of correspondence from the DVA. Two letters from the DVA, however, listed the Georgia Department of Veterans Service as his representative in his current dispute. *Id*. at 64, 65. The first letter—dated September 24, 2014—informed Mr. Johnson that his pending appeal file was "forwarded to the Georgia Department of Veterans Services, your power of attorney for VA claims." *Id*. at 64. The second letter—dated March 2, 2015—informed Mr. Johnson of his upcoming May 15, 2015, hearing and advised that his personal representative, listed as the Georgia Department of Veterans Service, was also provided a copy of the letter. *Id*. at 65–66.

After filing suit, Mr. Johnson moved to amend his complaint. He asserted the same underlying claim, while raising other legal arguments and minor assertions.

On its own, the district court dismissed the complaint as time-barred by Georgia's two-year statute of limitations. The court determined that Mr. Johnson knew that he was injured, and by whom, when the Georgia Department of Veterans Service did not make an appearance on his behalf at the May 15, 2015, hearing. Mr. Johnson, however, did not file his complaint until December 21, 2018. The court also held that any amendment to the complaint would be futile because Mr. Johnson did not provide a more carefully drafted complaint that might state a claim. The court therefore dismissed the case under 28 U.S.C. § 1915(e)(2)(B) and denied Mr.

3

Johnson's motion to amend the complaint.

## II

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), "viewing the allegations in the complaint as true."  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  We also review *de novo* the district court's interpretation and application of the pertinent statute of limitations.  *See Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006).  We review the denial of a motion to amend a complaint for an abuse of discretion.  *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007).

## III

On appeal, Mr. Johnson combines the dismissal of his action and the denial of his motion to amend the complaint into a single issue.  He argues that the district court abused its discretion because his claim was meritorious, and the court declined to address the merits.

If a plaintiff moves for leave to proceed *in forma pauperis*, and the district court determines that the complaint "fails to state a claim on which relief may be granted," it must dismiss the action.  *See* § 1915(e)(2)(B)(ii).

At the same time, a district court may properly dismiss a § 1983 complaint for

4

failure to state a claim if the applicable statute of limitations bars the lawsuit. *See Powell v. Thomas*, 643 F.3d 1300, 1303–04 (11th Cir. 2011) (dismissing a § 1983 action for noncompliance with Alabama's two-year statute of limitation for tort actions). Because § 1983 actions are akin to constitutional tort claims, they are subject to the statute of limitations governing personal injury actions in the state in which the federal court sits. *Id*. The governing statute of limitations in Georgia is two years and begins to run when the plaintiff knows of the injury and is aware of who caused it. *See Ledford v. Comm'r, Ga. Dep't of Corr.*, 856 F.3d 1327, 1330 (11th Cir. 2017) (noting that the applicable statute of limitations in Georgia is two years).

Here, we conclude that the court properly dismissed the amended complaint because the claim was time-barred by the two-year statute of limitations. Accepting the allegations in the complaint and supporting attachments as true, the latest that Mr. Johnson could have first discovered interference in his BVA proceeding was June 9, 2015, when he wrote a letter to the Department of Veteran Service stating that the DVA was not authorized to represent him. *See* D.E. 2-2 at 49–54. Yet Mr. Johnson did not file his action until December 21, 2018. D.E. 2 at 1. Accordingly, Georgia's two-year-statute of limitations barred Mr. Johnson's § 1983, and the district court correctly dismissed his original complaint.

5

Mr. Johnson also argues that the district court should have allowed him to amend his complaint. But his proposed amendments would fail for the same reasons that called for dismissal of his original complaint.

Under Rule 15(a), a plaintiff has the right to amend a complaint "once as a matter of course within . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. Ex rel. Univ. of S. Fla.,* 342 F.3d 1281, 1287 (11th Cir. 2003) (alterations and quotations marks omitted).

Here, Mr. Johnson never filed an amended complaint as a matter of course. Rather, he moved for leave to amend the complaint. In doing so, he "invited the District Court to review its proposed amendments." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010). As the party seeking leave to amend under Rule 15(a), he bore the "burden of establishing entitlement to it." *See In re Engle Cases*, 767 F.3d 1082, 1119 n. 37 (11th Cir. 2014). The district court thus

6

had discretion under Rule 15(a) to evaluate his motion.

Because nothing in the amended complaint cured the statute of limitation deficiency that plagued the original complaint, the district court did not abuse its discretion by finding the amended complaint futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (recognizing that a court may deny a proposed amendment as futile "when the complaint as amended would still properly be dismissed"). Accordingly, denying Mr. Johnson leave to file an amended complaint was not an abuse of discretion.

## IV

We affirm the district court's dismissal of Mr. Johnson's action and the denial of the motion to amend the complaint.

**AFFIRMED.**

7