[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14594

Non-Argument Calendar

_____

RUTH FALLS-MILLER,
DR. HOWARD J. MILLER,

Plaintiffs-Appellants,

*versus*

SAVANNAH-CHATHAM COUNTY PUBLIC SCHOOL BOARD,
THOMAS B. LOCKAMY, JR.,
In his official capacity,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cv-00085-JRH-CLR

————————————

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Ruth Falls-Miller and Dr. Howard J. Miller appeal *pro se* the district court's *sua sponte* dismissal of their complaint, which alleged due process and First Amendment violations under 42 U.S.C. section 1983 and violations of Georgia tort and contract law against the Savannah-Chatham County Public School Board and Dr. Thomas B. Lockamy, Jr. The Millers argue that the district court erred in (1) dismissing their complaint as time barred; (2) concluding that the School Board was immune from suit; (3) finding that their Section 1983 claim was filed in bad faith, was frivolous, and failed to state a claim; and (4) ignoring their due process and free speech claims.

Falls-Miller was terminated from her teaching position with the School Board at the suggestion of its superintendent, Lockamy. The Millers alleged constitutional violations beginning on January 4, 2013, when Falls-Miller received Lockamy's written notice of termination recommendation to the School Board. According to the Millers, the alleged violations continued until her termination

hearing on January 28, 2013. They filed their complaint on April 24, 2020. A magistrate judge screened the complaint pursuant to 28 U.S.C. section 1915(e)(2) and issued a report and recommendation that the complaint be dismissed as untimely. The district court adopted the magistrate judge's recommendation over the Millers' objection, explaining that constitutional claims under Section 1983 are tort actions subject to Georgia's two-year statute of limitations.

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. section 1915(e)(2)(B) of an *in forma pauperis* complaint for failure to state a claim on which relief may be granted. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). We review *de novo* the district court's dismissal of a complaint for lack of subject matter jurisdiction. *Hall v. U.S. Dep't Veterans' Affairs*, 85 F.3d 532, 533 (11th Cir. 1996). We may affirm on any ground supported by the record. *Trotter v. Sec'y, Dep't of Corrs.*, 535 F.3d 1286, 1291 (11th Cir. 2008). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A district court may properly dismiss a complaint for failure to state a claim if it is apparent from the face of the complaint that the applicable statute of limitations bars the claim. *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021). Constitutional claims brought under 42 U.S.C. section 1983 are tort actions and are subject to the statute of limitations governing personal injury actions in the state in which the federal court sits.

*Powell v. Thomas*, 643 F.3d 1300, 1303-04 (11th Cir. 2011). A cause of action under Section 1983 accrues, and thereby sets the limitations clock running, when the plaintiff knows or should know (1) that she has suffered the injury that forms the basis of her complaint and (2) who has inflicted the injury. *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003). The governing statute of limitations in Georgia is two years. O.C.G.A. § 9-3-33. The statute of limitations for actions involving written contracts is six years. O.C.G.A. § 9-3-24. An untimely complaint will not succeed on the merits. *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1280 (11th Cir. 2015).

District courts have original jurisdiction over civil actions arising under the Constitution or laws of the United States and have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction." 28 U.S.C. §§ 1331, 1367(a). A district court may decline supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1185 (11th Cir. 2003) (quoting 28 U.S.C. § 1367(c)(1)-(4)). The decision to exercise

supplemental jurisdiction rests within the discretion of the district court. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).

On appeal, the Millers contend that the district court erred in applying the two-year statute of limitations for tort actions instead of the six-year limitations period for breach of contract actions. The complaint asserted a "42 U.S.C. § 1983 claim against [the Board] for violation [Fall-Miller's] due process rights" and "den[ying] her of the property rights to her contracted teaching position." The Board argues that the Millers failed to state a claim for breach of contract, and, in any event, the claim would be untimely.

We conclude that the district court correctly determined that the Millers' Section 1983 action was a tort action subject to Georgia's two-year statute of limitations for personal injury claims. Accordingly, it properly dismissed the complaint for being untimely by over five years. To the extent that the complaint raised other claims under contract law, which has a six-year statute of limitations, the complaint still was untimely filed by more than one year. Further, because the district court properly dismissed the only federal claim, it also did not err by declining to exercise supplemental jurisdiction over any state law claims. Because we concluded that the district court properly dismissed the action as untimely, we need not reach the remaining arguments that the Millers raise on appeal.

**AFFIRMED.**