[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11396

Non-Argument Calendar

_____

DAVID LAMAR HARPER,

Plaintiff-Appellant,

*versus*

WILLIAM PATRICK ADAMS,
Retired State Court Judge,
SOLICITOR GENERAL, BIBB COUNTY,
SHARELL FINCHER LEWIS,
in her official capacity as State Court Judge
at Macon Bibb,
TIMOTHY T. MOORE,
in his offical capacity as Sergeant
at Macon Bibb,
LEE W. ROHRBACH,

2                    Opinion of the Court                    22-11396

in his offical capacity as Bibb
County Deputy, et al.,

                                               Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00405-TES

_____

Before WILSON, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

David Harper, proceeding *pro se*, appeals the district court's dismissal -- for failure to state a claim under Fed. R. Civ. P. 12(b)(6) -- of his *pro se* 42 U.S.C. § 1983 civil action.[1]  No reversible error has been shown; we affirm.[2]

_____

[1] We read liberally briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] We DENY Harper's motion to supplement the record.  We have said that we will "rarely supplement the record to include material that was not before the district court" and will do so only if supplementing the record is "in the interests of justice" or would assist us in making an informed decision.  *See Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003).  Harper

This appeal arises from these alleged facts.  In March 2014, Harper -- acting as a bail recovery agent -- entered the rear door of a home while attempting to capture a fugitive.  The homeowner reported the incident to the police; Harper was later arrested for criminal trespass.

Harper proceeded to trial in June 2015.  A jury convicted Harper of two counts of criminal trespass, in violation of Georgia law.  Harper appealed his convictions, arguing chiefly that a bail recovery agent could not be held criminally liable for trespass.  The Georgia Supreme Court disagreed and affirmed Harper's convictions. *See State v. Harper*, 810 S.E.2d 484 (Ga. 2018).  Harper began serving his sentence on 13 November 2018.

Three years later -- on 12 November 2021 -- Harper filed this civil action.  Harper named six defendants, sued in their official capacity: (1) the state court judge who presided over Harper's criminal trial; (2) two state prosecutors involved in Harper's criminal proceedings; and (3) three officers with the Bibb County Sheriff's Department.

Harper alleged an array of constitutional violations stemming from the March 2014 incident and the resulting prosecution and criminal trial.  Among other things, Harper alleged that

---

seeks to introduce documents Harper says support his underlying claim that his criminal judgment is void.  These documents are not pertinent to the issues before us on appeal and, thus, do not warrant supplementing the record at this stage.

defendant law-enforcement officers falsified the 2014 incident report, tampered with evidence, influenced improperly a witness, and perjured themselves during Harper's 2015 criminal trial. Harper alleged that the state prosecutors influenced witnesses, tampered with evidence, and prosecuted him unlawfully. Harper also alleged that the state court judge lacked jurisdiction over his case and permitted others to engage in unlawful conduct during Harper's 2015 criminal trial. As relief, Harper sought compensatory and punitive money damages. Harper also sought to clear his criminal convictions from state and national criminal databases.

The district court granted defendants' motions to dismiss Harper's complaint. The district court -- among other things -- concluded that Harper's claims were subject to dismissal on two independent grounds: (1) as time-barred by the applicable statute of limitations; and (2) as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[3]

We review *de novo* a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and

---

[3] The district court also concluded that Harper's official-capacity claims against the state court judge, the state prosecutors, and the sheriff were barred by judicial, prosecutorial, and Eleventh Amendment immunity doctrines. Because the district court concluded properly that Harper's claims were subject to dismissal as time-barred and under *Heck*, we need not address the district court's ruling about immunity.

construing them in the light most favorable to the plaintiff.  *See Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011).  In Georgia, personal-injury actions "shall be brought within two years after the right of action accrues."  O.C.G.A. § 9-3-33.  The statute of limitations for claims brought under section 1983 begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant.  *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003).

The district court determined correctly that Harper's claims -- claims seeking money damages under section 1983 for alleged constitutional violations -- are governed by Georgia's two-year statute-of-limitations for personal-injury actions.  That Harper's section 1983 claims related to a purported "void judgment" does not render the statute of limitations inapplicable in this case.

Harper's claims accrued -- at the latest -- on the date of Harper's incarceration (per sentencing) on 13 November 2018.[4]  By

---

[4] In his complaint, Harper asserted that his claims accrued on 13 November 2018.  The district court determined, instead, that many of Harper's claims accrued at the time of the alleged unconstitutional acts in March 2014 or during Harper's 2015 criminal trial.  Nevertheless, the district court concluded

that time, Harper knew or should have known of the purported constitutional violations that Harper says occurred following the 2014 incident and during his 2015 criminal proceedings. Because Harper did not bring this civil action until November 2021 -- three years after the latest date on which his claims could have accrued -- the district court dismissed properly Harper's claims as time-barred.

Harper also challenges the district court's determination that his section 1983 claims are barred by *Heck*. A section 1983 plaintiff seeking damages for an allegedly unconstitutional conviction or sentence must first demonstrate that the underlying "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" -- and the plaintiff cannot demonstrate that his conviction or sentence has already been invalidated -- the section 1983 complaint must be dismissed. *Id.* at 487.

Here, Harper's section 1983 claims challenge directly the propriety and validity of his underlying criminal proceedings.

---

that -- even if the court applied the 13 November 2018 accrual date advanced by Harper -- Harper's claims still would be time-barred. For purposes of this appeal, we also apply the November 2018 accrual date.

22-11396                Opinion of the Court                7

Harper has not alleged that the challenged criminal-trespass convictions had already been reversed, expunged, declared invalid, or otherwise called into question.  To the contrary, Harper acknowledges that his convictions were upheld by the Georgia Supreme Court on appeal.  Thus, to the extent Harper's section 1983 claims were not time-barred, they were dismissed properly as barred by *Heck*.

    AFFIRMED.